**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4172**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

TAVON MCPHAUL, a/k/a Block,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (1:12-cr-00616-MJG-3)

———————

Submitted: May 14, 2015              Decided: June 3, 2015

———————

Before WYNN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Beth M. Farber, HARRIS O'BRIEN, New York, New York, for Appellant. Rod J. Rosenstein, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Benjamin M. Block, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tavon McPhaul seeks to appeal his conviction and sentence after pleading guilty. McPhaul's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issue of whether McPhaul waived the right to appeal his conviction and sentence, but concluding that he knowingly and intelligently did so and there are no meritorious grounds for appeal. The Government has moved to dismiss the appeal based in part on the appeal waiver. McPhaul was notified of his right to file a pro se supplemental brief but has not done so.

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005) (citation and internal quotation marks omitted). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." United States v. Davis, 689 F.3d 349, 354 (4th Cir. 2012) (citing United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)). We review the validity of an appeal waiver de novo "and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." Id. at 354-55 (citing Blick, 408 F.3d at 168).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that McPhaul knowingly and voluntarily waived his right to appeal his conviction and

2

sentence.  Moreover, in accordance with <u>Anders</u>, we have reviewed the record for any potentially meritorious issues that might fall outside the scope of the waiver and have found none.

Accordingly, we grant the Government's motion to dismiss the appeal.  This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>